IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00034-CR

 

George Allan Shackelford 

a/k/a George Allan Shackleford,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 297th District Court

Tarrant County, Texas

Trial Court No. 0927297D

 



MEMORANDUM  Opinion










 

      Shackelford appeals his conviction for
felony driving while intoxicated.  See Tex.
Penal Code Ann. §§ 49.04(a), 49.09(b) (Vernon 2003).  We affirm.

      In Shackelford’s one issue, he contends
that the evidence of intoxication was factually insufficient.  “In a factual
sufficiency review, we view all the evidence in a neutral light, both for and
against the finding, and set aside the verdict if ‘proof of guilt is so
obviously weak as to undermine confidence in the jury’s determination, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof.’  In conducting such a review, we consider all of the evidence
weighed by the jury, comparing the evidence which tends to prove the existence
of the elemental fact in dispute to the evidence which tends to disprove it.”  Vodochodsky
v. State, 158 S.W.3d 502, 510 (Tex. Crim. App. 2005) (quoting Johnson v.
State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)) (internal footnote
omitted).  “[W]e set the verdict aside only if the evidence is so weak that the
verdict is clearly wrong and manifestly unjust, or the contrary evidence is so
strong that the standard of proof beyond a reasonable doubt could not have been
met.”  Prible v. State, No. AP-74,487; 2005 Tex. Crim. App. LEXIS 110,
at *16 (Tex. Crim. App. Jan. 26, 2005), pet. for cert. filed, http://‌www‌.supremecourtus‌.gov/‌docket/‌05‑5773‌.htm (U.S. July 12, 2005) (No. 05-5773). 

      Shackelford argues as follows. 
(1) There were no video recordings of his conduct at the scene of his arrest
or at the jail, nor were the open containers of alcohol found in his car
introduced into evidence.  (2) Shackelford was in control of his car when
the arresting officer stopped him for speeding, and did not cause a collision. 
(3) Shackelford’s prior convictions for driving while intoxicated and his
refusal to provide a specimen of his breath for analysis for alcohol
concentration do not establish intoxication.  (4) There were
contradictions between the testimony of the arresting officer and other officers. 
The arresting officer testified that Shackelford had a strong odor of an
alcoholic beverage and slurred his speech; an officer who encountered Shackelford
later at the jail testified that Shackelford had a slight odor and little
slurring.  The arresting officer testified that he did not see an open
container of alcohol in Shackelford’s car; another officer testified that he
found several.

      The State points primarily to the
following evidence.  The arresting officer testified that Shackelford had a
strong odor of an alcoholic beverage, which became stronger when Shackelford
spoke, slurred speech, bloodshot eyes, and a wet spot on his crotch, and was
unable to stand without leaning against his car for balance.  Shackelford
refused to submit to field sobriety tests and refused to provide a specimen of
his breath for analysis for alcohol concentration.  The officers who dealt with
Shackelford testified that he was belligerent, uncooperative, and combative,
including assaulting one officer.

      Viewing the evidence in a neutral light,
we hold that the evidence is not so weak that the verdict is clearly wrong or
manifestly unjust, and that the evidence contrary to the verdict is not so
strong that the standard of proof beyond a reasonable doubt could not have been
met.  The evidence was factually sufficient.  We overrule Shackelford’s issue. 


      Having overruled Shackelford’s
sole issue, we affirm.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

Affirmed

Opinion
delivered and filed October 19, 2005

Do
not publish

[CRPM]